IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY VANESSA DAVILA, *Plaintiff,* vs. CITY OF SAN ANTONIO, TEXAS, DEPUTY J. RODRIGUEZ, BADGE, 1843, MENTAL HEALTH UNIT, IN THEIR INDIVIDUAL CAPACITY; *Defendants.* | §§§§§§§§§§§§ | SA-26-CV-02354-FB |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court is the above-styled cause of action, which was automatically referred to the undersigned upon filing for disposition of Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915. The undersigned therefore has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On April 27, 2026, the undersigned granted Plaintiff's IFP motion but ordered Plaintiff to file a more definite statement to assist the Court in evaluating whether to order service of his Complaint on Defendants. Plaintiff timely filed the ordered more definite statement [#5]. Having considered Plaintiff's proposed Complaint and supplemental filing, the undersigned will recommend the District Court dismiss this case under 28 U.S.C. § 1915(e) for failure to state a claim.

## I. Section 1915 Review

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or

malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). The District Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted against either Defendant.

Plaintiff's proposed Complaint is brought pursuant to 42 U.S.C. § 1983 against the City of San Antonio and Deputy J. Rodriguez in his individual capacity. Plaintiff alleges that on April 9, 2024, she was taken into custody for an emergency mental health evaluation and was detained without a valid legal basis when she did not meet the criteria for voluntary detention under Texas law. Plaintiff asserts that Defendants violated her rights under the Fourth Amendment by depriving her of her liberty without due process of law.

The Fourth Amendment protects individuals from unreasonable searches and seizures. *United States v. Flowers*, 6 F.4th 651, 655 (5th Cir. 2021). The level of protection afforded under the Fourth Amendment depends on the nature of the seizure. *Lincoln v. Barnes*, 855 F.3d 297, 301 (5th Cir. 2017). The seizure of someone who presents with mental illness, as with the seizure of one due to criminal activity, must be supported by probable cause. *See Cantrell v. City of Murphy*, 666 F.3d 911, 923 (5th Cir. 2012).

Under Texas law, an officer has probable cause to detain a person experiencing a mental health crisis if (1) the officer reasonably believes that, due to mental illness, there is a substantial risk of serious harm to the individual or others unless immediately restrained, and (2) the officer believes there is insufficient time to obtain a warrant. *Id.* (citing Tex. Health & Safety Code § 573.001). A "substantial risk of serious harm" may be shown by the person's behavior or

[1] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

evidence of severe emotional distress such that they cannot remain safely at liberty. *Rich v. Palko*, 920 F.3d 288, 295 (5th Cir. 2019); *see also* Tex. Health & Safety Code § 573.001(a). Officers may base their belief that the statutory criteria for apprehension have been met by relying on either their own impressions of the person's conduct or credible third-party reports. *Rich*, 920 F.3d at 295 (citing Tex. Health & Safety Code § 573.001(c)).

The Court's order for a more definite statement directed Plaintiff to provide more details about the circumstances surrounding her seizure. Plaintiff's More Definite Statement explained that she suffers from ADHD, PTSD, and mood and depressive symptoms and was taken into custody by law enforcement while she was on the phone with her tele-health psychiatrist, Dr. Omar Ali. Plaintiff concedes that Dr. Ali either reported or caused law enforcement to believe she was experiencing suicidal ideation, though she disputes that she was in fact suicidal or an imminent danger to herself or others. Plaintiff further explains that Defendant Deputy Rodriguez encouraged her to get a psychiatric evaluation and that she cooperated under the belief that she would not be taken into emergency detention. Plaintiff arrived to Methodist Specialty and Transplant Hospital on April 9, 2024, was kept overnight after being evaluated, and then was transferred to San Antonio Behavioral Health Hospital until the following day, when she was released on April 11, 2024.

Construing these facts in Plaintiff's favor, Plaintiff has still failed to state a claim upon which relief can be granted against either Defendant. Plaintiff admits that her treating psychiatrist, a concerned third party, reported to law enforcement that she was experiencing suicidal ideation. Although Plaintiff may dispute whether this impression was factually accurate, law enforcement is entitled to rely on a credible third-party report that an individual is presenting with the risk of serious harm to herself or others. *See Martinez v. Smith*, 200 F.3d 816 (5th Cir.

1999) (concluding officers had probable cause to take plaintiff into protective custody based on credible third-party report that she was suicidal). There can be no fact question that a treating psychiatrist is a credible third party upon which officers may rely in finding probable cause to take an individual into protective custody. Because Deputy Rodriguez had probable cause to take Plaintiff into custody, no unlawful seizure occurred; therefore, Plaintiff's Fourth Amendment rights were not violated by Deputy Rodriguez (or the City of San Antonio).

In light of the foregoing, the undersigned will recommend dismissal of this case for failure to state a claim upon which relief may be granted under Section 1915(e).

## II. Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the

proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 30th day of June, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE