IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY VANESSA DAVILA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CA-02354-FB |
| | § | |
| CITY OF SAN ANTONIO, TEXAS; | § | |
| DEPUTY J. RODRIGUEZ, Badge 1843; | § | |
| MENTAL HEALTH UNIT, In Their | § | |
| Individual Capacity, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING LEAVE TO AMEND**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 6) recommending that this case be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, along with *pro se* Plaintiff's written objections thereto and alternative motion for leave to amend her complaint (ECF No. 9).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

Plaintiff's proposed Complaint is brought pursuant to 42 U.S.C. § 1983 against the City of San Antonio and Deputy J. Rodriguez in his individual capacity. Plaintiff alleges that on April 9, 2024, she was taken into custody for an emergency mental health evaluation and was detained without a valid legal basis when she did not meet the criteria for voluntary detention under Texas law. Plaintiff asserts that Defendants violated her rights under the Fourth Amendment by depriving her of her liberty without due process of law.

United States Magistrate Judge Elizabeth S. Chestney issued an order for more definite statement directing Plaintiff to provide more details about the circumstances surrounding her seizure. Plaintiff's More Definite Statement explained that she suffers from ADHD, PTSD, and mood and depressive symptoms and was taken into custody by law enforcement while she was on the phone with her tele-health psychiatrist, Dr. Omar Ali. Plaintiff conceded that Dr. Ali either reported or caused law enforcement to believe she was experiencing suicidal ideation, though she disputes that she was in fact suicidal or an imminent danger to herself or others. Plaintiff further explains that Defendant Deputy Rodriguez encouraged her to get a psychiatric evaluation and that she cooperated under the belief that she would not be taken into emergency detention.

Plaintiff arrived to Methodist Specialty and Transplant Hospital on April 9, 2024, was kept overnight after being evaluated, and then was transferred to San Antonio Behavioral Health Hospital until the following day, when she was released on April 11, 2024. In her motion to amend, Plaintiff seeks to allege additional facts concerning the reliability and content of the information supplied to Deputy Rodriguez.

Construing the facts in Plaintiff's favor, including those she seeks to allege in an amended complaint, Plaintiff has still failed to state a claim upon which relief can be granted against either Defendant. Plaintiff admits that her treating psychiatrist, a concerned third party, reported to law enforcement that she was experiencing suicidal ideation. Although Plaintiff may dispute whether this impression was factually accurate, law enforcement is entitled to rely on a credible third-party report that an individual is presenting with the risk of serious harm to herself or others. *See Martinez v. Smith*, 200 F.3d 816 (5th Cir. 1999) (concluding officers had probable cause to take plaintiff into protective custody based on credible third-party report that she was suicidal). As discussed in the Report and Recommendation, "[t]here can be no fact question that a treating psychiatrist is a credible third party upon which officers may rely in finding probable cause to take an individual into protective custody." (ECF No. 6 at 4).

In sum, the Court finds Plaintiff has pleaded her best case and denies leave to amend. The Court also agrees with Judge Chestney that, because Deputy Rodriguez had probable cause to take Plaintiff into custody, no unlawful seizure occurred. Accordingly, Plaintiff's Fourth Amendment rights were not violated by Deputy Rodriguez or the City of San Antonio. The Court therefore accepts the Report and Recommendation and dismisses Plaintiff's case for failure to state a claim under 28 U.S.C. § 1915(e).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend (contained within ECF No. 9) is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 6) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that this case is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is now CLOSED.

It is so ORDERED.

SIGNED this 23rd day of July, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE